**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J Gregory,<br><br>            Plaintiff,<br><br>vs.<br><br>Arizona Division of Child Support Enforcement, et al.,<br><br>           Defendants. | No. CV11-0372-PHX-DGC<br><br>**ORDER** |

Defendant Melanie Gregory moves to dismiss on grounds that the complaint does not allege facts that would plausibly entitle Plaintiff to relief against her. Doc. 7. Defendant Gregory also argues that she is misjoined in this suit. *Id.* Defendants Veronica Ragland and the Arizona Division of Child Support Enforcement ("AZDCSE") move to dismiss on grounds that the *Rooker-Feldman* doctrine and the § 1983 statute of limitations bar this suit, that the State of Arizona is immune under the Eleventh Amendment, that neither of the State Defendants are persons under § 1983 when acting in their official capacities, and that the complaint fails to allege facts that would plausibly entitle Plaintiff to relief against Defendant Ragland in her individual capacity. Doc. 8. Defendants Ragland and AZDCSE will be referred to collectively as "State Defendants."

*Pro se* Plaintiff responds that Defendant Gregory was responsible for enforcing the child-support judgment against him. Doc. 9 at 2. He further argues that *Rooker-Feldman* does not apply because he alleged a claim independent of a state court

judgment, and that the § 1983 statute of limitations does not apply because Defendants' last action took place on June 21, 2010. *Id.* at 2, 3. As to sovereign immunity, Plaintiff asserts that his due process claims under the Fourteenth Amendment trump the Eleventh Amendment. *Id.* at 3. Moreover, Plaintiff argues that both Gregory and Ragland are persons contemplated by § 1983. *Id.* Defendants have not filed replies, and the parties do not request oral argument.

Plaintiff's complaint alleges that Defendants, in enforcing a child-support debt, have placed levies, liens, and tax offsets against Plaintiff's property contrary to state law. Doc. 1. Plaintiff also alleges that Defendants misinformed him about the law, that Defendants have failed to follow the processes required by law for state agencies and officials, and that this Court has judicial review under 5 U.S.C. § 706. Doc. 1 at 6. The complaint demands a cessation of all debt-enforcement actions by Defendants; a vacatur of all liens, levies, and tax offsets; a curing of Plaintiff's credit profile with three credit reporting agencies; $172,000 in compensatory damages; and any other relief the Court deems appropriate. *Id.* at 7.

The Court begins by noting that 5 U.S.C. § 706 pertains to judicial review of federal agencies, not state agencies. Because AZDCSE is a state agency, its actions are not reviewable under § 706.

With regard to the State Defendants' *Rooker-Feldman* argument, the state-court judgment was not filed with the motions and therefore the Court cannot conclude that Plaintiff is attempting to collaterally-attack the judgment. A court should apply less stringent pleading standards to *pro se* plaintiffs, such that inartful pleadings are still considered by the court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Although the complaint states that the state-court judgment denied Plaintiff his constitutional rights, the complaint also states Defendants' actions were taken using a "false court order." Doc. 1 at 6. If this statement meant a "wrongfully-decided court order," then the Court would be inclined to agree that *Rooker-Feldman* bars the suit. The complaint also states, however,

- 2 -

that Defendants did not obtain a judgment in time and that *State ex rel. Dep't of Econ. Sec. v. Hayden*, 115 P.3d 116 (Ariz. 2005), precludes collecting arrearages. Doc. 1 at 6. Therefore, the complaint may also be interpreted as alleging that Defendants falsified or forged a court order in order to obtain the liens, levies, etc. or that the enforcement actions were taken without a court order at all – neither of which would be subject to *Rooker-Feldman.* The complaint does not allege sufficient facts from which this Court may conclude that Plaintiff meant either of the latter interpretations, or that these interpretations are plausible. *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011) ("[A]llegations must be sufficiently plausible [so] that it is not unfair to require the opposing party to be subjected to the expense of discovery.").

With regard to the claims against Defendants Gregory and Ragland individually, the complaint does not state sufficient facts from which the Court may infer how they were involved or that they would be liable under one or more causes of action. Although Plaintiff's response to the motion describes their involvement in general terms, this description is not in the complaint. Even if it were, the description is too generic to give Defendants fair notice of their alleged wrongdoing. At a minimum, "allegations in a complaint or counterclaim must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it." *Starr*, 633 F.3d at 1204. Because the Court finds the complaint deficient as to Gregory and Ragland in their individual capacities, the Court need not decide the § 1983 statute of limitations issue.

As to Defendants' immunity argument, state officials are not immune from suits in federal court for violations of federal law with regard to claims that merely seek prospective relief. *E.g., Ex parte Young*, 209 U.S. 123 (1908). Plaintiff's complaint seeks in part cessation of future enforcement, vacatur of liens, and curing of his credit profile. Plaintiff has not shown, however, that the officials named in the suit have the power under state law to perform or not perform the acts requested. In other words,

Plaintiff has not shown that the appropriate state officials have been named in this action.

Finally, the State Defendants' "§ 1983 person" argument is persuasive. A state and officials of state agencies cannot be sued in their official capacities under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

For the reasons above, the claims against Defendants are dismissed without prejudice. Plaintiff may, by **June 10, 2011**, amend the complaint to properly plead viable claims. If no amendment is filed with the Court within this period, the Clerk shall terminate this matter.

**IT IS ORDERED:**

1. Defendants' motions (Docs. 7, 8) are **granted** as stated above.
2. Plaintiff may file an amended complaint by **June 10, 2011**.
3. The Clerk shall terminate this action, with no further leave of Court, if no amended complaint is filed on or before **June 10, 2011**.

Dated this 10th day of May, 2011.

David G. Campbell
United States District Judge