**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J Gregory,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Division of Child Support Enforcement, et al.,<br><br>Defendants. | No. CV11-0372-PHX-DGC<br><br>**ORDER** |

After the Court dismissed pro se Plaintiff's complaint on May 10, 2011 (Doc. 10), Plaintiff filed an amended complaint on May 27, 2011 seeking injunctive and other equitable relief (Doc. 11). Defendant Melanie Gregory filed a motion to dismiss the amended claims against her (Doc. 15), and Plaintiff has not filed a timely response.

Defendant argues the complaint should be dismissed for several reasons, including: (1) no allegations are pled against her (Doc. 15 at 5); (2) the complaint fails to explain how Defendant violated 42 U.S.C. § 1983 or any other causes of action (Doc. 15 at 4); and (3) the complaint fails to allege plausibly that Defendant was involved in the proceedings challenged by the complaint (*id.*). Defendant urges the Court to award her attorney fees pursuant to Rule 54(d), framing the complaint as vexatious. Doc. 15 at 5.

A pro se complaint is to be construed liberally, and should not be dismissed with prejudice unless it appears "beyond doubt that the plaintiff can prove [any] set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519,

521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *accord Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). A pro se complaint must be dismissed without prejudice, however, if it fails to give the defendant fair notice of the claims against her and the ground on which the claims rest. *See Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1482 (9th Cir. 1986); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (recognizing that modern pleading standards are higher with regard to plausibility but that pro se plaintiffs' pleadings should nonetheless be construed liberally).

The complaint alleges that every year Defendant Melanie Gregory files requests to have the Arizona Division of Child Support Enforcement ("ADCSE") collect child support payments from Plaintiff. Doc. 11 at 2:17-22. Plaintiff also alleges that he is no longer required to pay any child support (*id.* at 2-8), that a September 2008 determination by the ADCSE lists Plaintiff as owing support to a child to whom support was never owed (*id.* at 3-4), and that Plaintiff has had liens levied against his property as a result of invalid child-support determinations and proceedings (*id.* at 5-6). The complaint appears to assert seven causes of action: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985; (3) conspiracy; (4) fraud; (5) common law conspiracy; (6) negligent infliction of emotional distress; and (7) intentional infliction of emotional distress. Doc. 11 at 2.

The flaw in the complaint is not that it fails to allege facts that may entitle Plaintiff to at least some sort of relief from Defendant under some legal right, but that it fails to (1) allege sufficient facts to give Defendant Melanie Gregory fair notice of which claims are asserted against her and the factual and legal basis of those claims, and (2) fails to plead sufficient facts from which the Court may conclude Defendant is liable under any of the seven causes of action cited above. With regard to Defendant Gregory, the complaint only alleges that she annually submits requests for child support to the ADCSE and that as a result of ADCSE's actions related to those requests Plaintiff was wrongfully

injured. As a non-exhaustive example, the complaint does not allege facts that if assumed true show Defendant agreed or conspired with ADCSE to violate Plaintiff's constitutional rights, or that Defendant provided misinformation to ADCSE. Moreover, the complaint does not appear to suggest that all claims are asserted against Defendant Gregory – in fact, many of the claims appear leveled at the ADCSE. In the absence of fair notice, Defendant should not be required to expend legal resources to guess which claims are asserted against her or to defend all claims "just in case." Nor should Defendant be subjected to discovery in the absence of properly-pled claims. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("[T]he pleading must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007))). The complaint against Defendant Gregory will be dismissed without prejudice due to deficient pleading.

Defendant's request for attorney fees under Rule 54(d) will be denied, however, because Defendant fails to make the showing required by Rule 54(d)(2)(B).

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 15) is **granted** as stated above.

Dated this 27th day of July, 2011.

_____
David G. Campbell
United States District Judge