**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J Gregory,<br><br>Plaintiff,<br><br>v.<br><br>Kathryn Harris; and Veronica M. Hart Ragland, Arizona Division of Child Support Enforcement Assistant Director,<br><br>Defendants. | No. CV11-0372 PHX DGC<br><br>**ORDER** |

On May 27, 2011, Plaintiff Donald J. Gregory filed an amended complaint alleging that Defendants Kathryn Harris and Veronica Ragland violated his constitutional rights. Doc. 11 at 2. The complaint also contains various state law claims. *Id.* Plaintiff served Defendants' summons on the Arizona Attorney General's Office. Doc. 12; Doc. 14. Plaintiff did not attempt to serve Defendants individually. Defendants failed to respond to the complaint, and Plaintiff moved for default, which was entered by the Clerk on October 4, 2011. Doc. 18; Doc. 19.

Before the Court is Defendants' motion to set aside the default. Doc. 20. Defendants argue that the default is void for lack of service under Federal Rule of Civil Procedure 4(e) because they were never personally served with the amended complaint. Alternatively, Defendants argue that even if service was properly completed, the default should be set aside for good cause under Rule 55(c). Plaintiff responds that Rule 4(e) is satisfied so long as service is done in accordance with applicable state law. Doc. 21 at 2.

Plaintiff contends that Arizona Rule of Civil Procedure 4.1(j) authorized him to serve Defendants by serving the Attorney General, who is the "representative and legal officer for [the Arizona Division of Child Support Enforcement]." *Id.*  Plaintiff concedes that he did not properly serve Defendant Harris and requests more time to serve her. *Id.* Defendants argue that although the Attorney General is able to accept service on behalf of the State, Defendants as individuals are entitled to personal service and have not authorized the Attorney General to accept service on their behalf. Doc. 22.

The parties have not requested oral argument. For the reasons stated below, the Court will grant the motion.

**I.   Legal Standards.**

Rule 4 of the Federal Rules of Civil Procedure "governs the commencement of an action and the service of process." *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). Rule 4(e) provides the appropriate avenues for serving individuals. Service can be accomplished by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there'; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). State law allows for serving governmental entities by serving the "person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing that entity." Ariz. R. Civ. P. 4.1(j).

Rule 5 "governs service of 'every pleading subsequent to the original complaint.'" *Employee Painters' Trust*, 480 F.3d at 999. An amended complaint is a "pleading subsequent to the original complaint." *Id.*  Rule 5 provides more ways to complete service than Rule 4, including using court facilities such as the ECF system if authorized

by local rule. Fed. R. Civ. P. 5(b)(3). Local Rule 5.5(h) states that "registration as an ECF user constitutes consent to the electronic service of all documents through the Court's transmission facilities for purposes of Rule 5(b)(3) of the Federal Rules of Civil Procedure." LRCiv 5.5(h). Additionally, "[u]nless otherwise ordered by the Court or as provided by the Administrative Manual, electronic filing is mandatory for attorneys." LRCiv 5.5(c).

Rule 55(c) allows a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts consider three factors in deciding whether good cause exists: (1) whether the moving party engaged in culpable conduct; (2) whether the moving party has a meritorious defense; and (3) whether setting aside the default will prejudice the non-moving party. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citations omitted). The test is disjunctive; if any factor weighs in favor of the non-moving party, courts may deny the motion. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (citations omitted). The moving party bears the burden of proving that the three factors weigh in favor of setting aside default. *Franchise Holding II, LLC. v. Huntington Rest. Grp.*, 375 F.3d 922, 926 (9th Cir. 2004).

**II.  Analysis**

Defendant Ragland, as a party that has already appeared and responded to the original complaint, was entitled to service under Rule 5, not Rule 4. Defendant Harris was entitled to service under Rule 4 because she was not a party to the original complaint.

  **A.  Defendant Harris.**

Plaintiff served the Attorney General's office and cites Arizona's Rule 4.1(j) as authority for such service. Plaintiff's attempt to serve Harris under this rule was ineffective under Arizona law and therefore does not satisfy Federal Rule 4(e)(1). Rule 4.1(j) applies only to service of governmental entities. Harris was entitled to personal service. The Court will set aside default as to Defendant Harris.

**B.     Defendant Ragland.**

An amended complaint is a "pleading subsequent to the original complaint," and thus must be served under Rule 5, not Rule 4. *Employee Painters' Trust*, 480 F.3d at 999. Defendant Ragland is represented by counsel who is a registered ECF user, as required by the Court's local rules. The amended complaint was filed in the ECF system on May 27, 2011, and the Court's records show that a Notice of Electronic Filing was electronically sent to Ragland's counsel. The ECF filing of Plaintiff's amended complaint satisfies Rule 5.

Because Ragland was properly served, the Court must decide whether the default should be set aside for good cause under Rule 55(c). Ragland argues that all three good cause factors weigh in favor of setting aside the default. Plaintiff takes issue with only one factor – whether Ragland has a meritorious defense. Plaintiff presents no evidence that Ragland engaged in culpable conduct and no argument that Plaintiff would be prejudiced by setting aside the default.

The burden in proving a meritorious defense is not heavy. *TCI Group Life Ins. Plan*, 244 F.3d at 700 (citation omitted). The moving party need only show facts that, if true, would constitute a defense. *Id.* Here, Plaintiff claims that an order for child support needed to be reduced to a judgment within three years, or else it expired. Doc. 21 at 2. Ragland responds that the law has changed, and that under the current version if A.R.S. § 25-301(I), a support order becomes enforceable "by operation of law." Doc. 20 at 9. Ragland's assertions, if true, would constitute a defense. Thus, Ragland has met her burden in showing a meritorious defense. Because the other two factors also weigh in favor of setting aside the default, the Court will set aside Defendant Ragland's default.

**IT IS ORDERED:**

1. The motion to set aside default (Doc. 20) is **granted** with respect to Defendant Ragland.

2. Plaintiff's motion for default judgment and judgment (Doc. 18) is **denied**

1 **as moot.**

2  3. Plaintiff will have until **January 13, 2012**, to serve Defendant Harris in accordance with Federal Rule of Civil Procedure 4.  **The Court will not extend this deadline absent truly extraordinary circumstances.**

Dated this 13th day of December, 2011.

_____
David G. Campbell
United States District Judge