**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J. Gregory, | No. CV11-0372-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Division of Child Support Enforcement, et al., | |
| Defendants. | |

*Pro se* Plaintiff Donald J. Gregory filed an amended complaint on May 10, 2011 against Arizona Assistant Attorney General Kathryn Harris and Arizona Division of Child Support Enforcement Assistant Director Veronica Ragland, in their official and individual capacities, and against Melanie Gregory in her individual capacity. Doc. 11. Defendant Gregory filed a motion to dismiss (Doc. 15) which the Court granted without prejudice on July 27, 2011. Doc. 16. Defendants Ragland and Harris ("State Defendants") filed a motion to dismiss on January 1, 2012. Doc. 27. The motion has been fully briefed, and neither party has requested oral argument. Docs. 29, 30. State Defendants also filed a motion for an order directing Plaintiff to cease attempts to contact or communicate directly with Defendants (Doc. 28), and Plaintiff has failed to file a timely response. For the reasons stated below, the Court will grant in part Defendants' motion to dismiss without prejudice and grant Defendants motion regarding direct communications as set forth in this order.

## I. Background.

This action arises from a series of State Court orders and related child support enforcement actions. On July 13, 2001, the Arizona Superior Court ordered Plaintiff to make monthly payments to Melanie Gregory for the support of their children Victoria, Erika, and Jennifer. Doc. 11, ¶¶ 1-2. The 2001 order stated that it would expire if not reduced to a judgment three years from the time the youngest child emancipated. *Id.*, ¶ 2. The youngest child, Jennifer, left home in 2001, and had a child of her own on September 17, 2003. *Id.* The State Court issued an order on July 23, 2003, finding that Jennifer had emancipated when she became pregnant at 16 and eliminating Plaintiff's obligation to pay further child support. *Id.*; Doc. 27 at 2. Melanie Gregory continued to seek and receive enforcement of Plaintiff's child support obligations from the Arizona Division of Child Support Enforcement ("ADCSE"), and Plaintiff requested a review and a stop to his wage assignments. Doc. 11, ¶ 1. ADCSE made a determination in 2007 that no current child support obligation existed, but made another determination in 2008 that Plaintiff still owed child support. *Id.*, ¶¶ 1-2.

Plaintiff filed an action in State Court in 2008 requesting that the court stop ADCSE's enforcement actions pursuant to the 2003 order and the fact that the 2001 order had not been reduced to a judgment in the three years following the 2003 emancipation order and had therefore expired. Doc. 11, ¶ 3. The State Court set aside the 2003 emancipation order because, under A.R.S. § 25-503, pregnancy is not a basis for emancipation. Doc. 27 at 2; *see also* Doc. 11, ¶ 3.

Prior to this ruling, the Arizona legislature eliminated the requirement that a child support order be reduced to a court judgment to be enforced and provided that each payment is enforceable as a final judgment when it becomes due as a matter of law. Doc. 11, ¶ 6; Doc. 27 at 5; *see* Ariz. Rev. S. § 25-503(I). Plaintiff's youngest child, Jennifer, reached the legal age of emancipation on December 6, 2004. Doc. 11, ¶ 2. Defendant Ragland interpreted the new law to mean that child support arrears are unenforceable only if three years had passed from the time of emancipation until

September 21, 2006, when the new law went into effect. *Id.*, ¶ 6.

Plaintiff's amended complaint alleges that Defendants Harris and Ragland violated unspecified state and federal laws by not granting a timely administrative review of the ADCSE enforcement actions, thus depriving him of due process. Doc. 11, ¶ 1. Plaintiff also alleges that ADCSE's 2008 review and final determination relied on erroneous facts and an expired court order, and that State Defendants fraudulently relied on the expired order in enforcement actions. *Id.*, ¶¶ 2-7. The complaint asserts six causes of action: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985; (3) common law conspiracy; (4) fraud; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress. Doc. 11 at 2.

## II.  Discussion.

State Defendants move to dismiss the complaint because neither the state nor its officials are "persons" subject to suit under 42 U.S.C. § 1983; the complaint fails to state a claim against State Defendants; Plaintiff's state law claims are barred by Arizona's one year statute of limitations under A.R.S. § 12-821 and Plaintiff's § 1983 claims are barred by Arizona's two year personal injury statute of limitations; and Plaintiff failed to comply with state notice of claim provisions under A.R.S. § 12-821.01(A). Doc. 27 at 3-6.

As the Court previously stated, officials of state agencies cannot be sued in their official capacities under § 1983. *See* Doc. 16 at 4, citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff argues that the doctrine of *Ex Parte Young* makes an exception to this rule where individual officers have acted to enforce an unconstitutional state statute or proceeding. Doc. 29 at 2-3.

*Ex Parte Young* permits suits against state officials acting in their official capacity where a claimant seeks only prospective relief. *See Ex Parte Young*, 209 U.S. 123 (1908); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Here, Plaintiff seeks prospective relief ordering Defendants to close the case against him, lift all levies, liens, and tax off-sets, and cure his credit profile. Doc. 11 at 8. The Court previously found that Plaintiff had not alleged facts showing that the officials named in

this suit have the power under state law to perform or not perform the acts requested. Doc. 16 at 3-4.

The amended complaint states that Kathryn Harris represents ADCSE through the Attorney General's Office and that she has a duty to ensure that it complies with state and federal laws, including that ADCSE review its files every three years or sooner. Doc. 11 at 3. It also states that Veronica Ragland is responsible for maintaining and updating the records, files, and reviews of ADCSE. *Id.* The amended complaint further alleges that State Defendants violated these duties by failing to ensure Plaintiff a timely administrative review, thus depriving him of his due process rights, including the right to be heard and to bring a defense at an orderly hearing. Doc. 11 at 3.

Defendants argue that Plaintiff does not plead a single fact about Ms. Ragland other than to identify her by her official position in the caption of the complaint. But Plaintiff has alleged specific, review-related duties and a failure to perform these duties on the parts of both State Defendants leading to a violation of his due process rights. These allegations, taken as true, are sufficient to state a § 1983 claim for prospective relief. Under *Ex Parte Young*, "[t]he fact that a state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact." 209 U.S. 123 at 157.

Defendants also argue on the basis of *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007), that there is no "respondeat superior" liability under *Ex Parte Young* and that even if the amended complaint alleges facts showing that someone at ADCSE violated Plaintiff's constitutional rights, it does not show that Defendant Ragland directed or knew of the alleged violations and failed to prevent them. Doc. 27 at 4. Unlike *Preschooler II*, however, Plaintiff has not alleged a failure to stop known acts of abuse by a subordinate; rather Plaintiff has alleged that state Defendants have failed to perform their own affirmative duties of ensuring ADCSE's compliance with required administrative review procedures. Defendants do not argue that State Defendants did not have these affirmative duties; nor do they dispute whether State

Defendants have authority by virtue of these duties to prospectively cancel liens and restore Plaintiff's credit record in the event that due process violations took place. The Court will deny Defendants' motion to dismiss Plaintiff's § 1983 claims with respect to Plaintiff's right to a timely administrative review.[1]

The complaint also alleges that Defendant Ragland placed a child support lien on his KIA "using a fraudulent court order." Doc. 11, ¶ 5. Accepting that Defendant Ragland may be liable under § 1983 with regard to this lien, Plaintiff must allege sufficient facts upon which the Court could infer that the court order Defendant Raglan relied on was invalid and that her attachment of the lien therefore violated due process.

As with the initial complaint, Plaintiff does not specify whether the court order was wrongly decided – in which case Plaintiff's challenge to the state court order in federal court would likely be barred by *Rooker-Feldman* – or whether Defendant Ragland falsified a properly-decided court order (s*ee* Doc. 16 at 2), and Plaintiff alleges insufficient facts to support either claim. It appears that Plaintiff refers to the 2001 order that Plaintiff claims was superseded in 2003 and nonetheless expired when not reduced to a judgment. But the 2003 order was set aside in 2008, and the requirement that a child support order be reduced to a judgment was eliminated in 2006.

It is possible that the lien was placed after the 2003 order and before the 2008 order and that it was for ongoing rather than past due amounts, making the order invalid under the operative 2003 ruling at that time; the amended complaint, however, has not stated when the lien was placed, what order it relied upon, or whether the collection was

---

[1] With respect to Plaintiff's claim that ADCSE's September 2008 final determination was factually flawed, the Court agrees that Plaintiff has failed to allege any facts connecting State Defendants to that determination's allegedly erroneous findings. The amended complaint alleges that the 2008 determination lists additional children in the support obligation from the 2001 court order, thus showing that State Defendants "used a False court order." Doc. 11, ¶ 2. But Plaintiff has alleged no facts showing that State Defendants had an affirmative duty to verify the substance of the 2008 determination. Nor has Plaintiff alleged facts showing that either Defendant participated in this determination or knew of and failed to remedy its alleged errors.

for ongoing or past due amounts. Absent such factual allegations, the mere possibility of misconduct is insufficient to state a claim. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). *Iqbal*, 129 S. Ct. at 1950 (2009).

The complaint also alleges that Defendant Harris acted fraudulently when she represented Defendants in the 2008 hearing because she knew that the 2001 order had expired. Doc. 11, ¶ 3. Plaintiff does not allege that Defendant Harris made false statements of fact or otherwise improperly influenced the court commissioner. Rather, Plaintiff alleges that Defendant Harris had reason to know that the 2001 order had expired because she argued a case in 2005 in which the Arizona Supreme Court found that if a judgment was not obtained on a child support order within three years of emancipation, the court order expired by operation of law. *Id.*, Doc. 29 at 4. But the case to which Plaintiff refers (*State ex rel. Dep't of Econ. Sec. v. Hayden*, 115 P.3d 116 (Ariz. 2005)) predates the 2006 changes in Arizona law that eliminated the need to obtain a judgment on a child support order and therefore does not show that Defendant Harris had reason to believe that the 2001 order had expired and that enforcement actions based on that order were improper. *See* Ariz. Rev. S. § 25-503(I). To the extent Plaintiff claims that the 2008 State Court decision relied on a faulty legal interpretation or was procedurally inadequate (*see* Doc. 11, ¶ 3), these allegations do not show that Defendant Harris acted unconstitutionally, and Plaintiff could have challenged the appropriateness of the State Court actions and ruling on appeal.

Plaintiff also alleges that Defendant Harris "is guilty of fraud by intentional

deception" because she changed the wording used by the Federal Office of Child Support Enforcement ("OCSE") when, in response to OCSE's request, she clarified the applicability of the new law to orders that had not terminated prior to that law going into effect. Doc. 11, ¶ 6. This allegation, however, is not plausible on the facts pled. Plaintiff alleges that OSCE made a statement that "[in] cases prior to September 21, 2006 where the youngest child had emancipated and three years have passed: If a final judgment on arrears was not obtained, then the arrears cannot be collected[.]" *Id.* Defendant Harris' alleged explanation was that "[i]n cases where the youngest child did emancipate and three years had passed prior to September 21, 2006 and no judgment was obtained, the arrears are then considered unenforceable[.]" *Id.* Plaintiff alleges that changing the word "have" to "had" constitutes intentional deception, but Plaintiff does not show how Defendant Harris' rewording misconstrues the meaning of OCSE's statement or how OCSE's statement precludes Defendant Harris' explanation. Moreover, this statement was made in response to a query from Plaintiff to OCSE in October 2010, long after the relevant court orders had been entered in this case, and Plaintiff does not show any connection between this statement and the alleged unconstitutional enforcement actions.

The Court concludes that Plaintiff has alleged sufficient facts to support a § 1983 claim against State Defendants with respect to his right to a timely administrative review. The amended complaint fails to allege sufficient facts, however, to support Plaintiff's additional § 1983 claims. Additionally, the complaint alleges no facts showing that the State Defendants acted in concert or conspired together, and thus provides no basis to support Plaintiff's § 1985 or common law conspiracy claims.

Plaintiff's fraud claims fail for lack of particularity. Federal Rule of Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." As discussed above, Plaintiff has alleged generally that the State Defendants were responsible for ADCSE's enforcement actions and that Defendant Ragland placed a lien on Plaintiff's vehicle, but Plaintiff has failed to allege the specific actions or circumstances in which State Defendants made false or fraudulent

statements, falsified court orders, or otherwise acted to perpetrate a fraud or mistake. "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiff has also failed to make a plausible claim that Defendant Harris acted fraudulently when she relied on a change in Arizona law to assert that the relevant child support order had not expired in this case.

The complaint also fails to state a claim for intentional or negligent infliction of emotional distress. Intentional infliction of emotional distress requires a showing of extreme and outrageous conduct. *See Ford v. Revlon Inc.*, 153 Ariz. 38, 42 (Ariz. 1987). The facts alleged in the complaint are insufficient to meet this burden. Negligent infliction of emotional distress requires a showing of physical injury or "substantial, long-term emotional disturbances." *See Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272 (Ariz. 1989); *Monaco v. HealthPartners of S. Arizona*, 196 Ariz. 299, 303 (Ariz. Ct. App. 1999). Plaintiff makes only the conclusory statement that Defendants have caused him emotional distress. Doc. 11, ¶ 7. Absent sufficient factual allegations to back up Defendants' misconduct and Plaintiff's injury, merely alleging the elements of the claim does not satisfy Plaintiff's minimum pleading requirements. *See Twombly*, 127 S.Ct. at 1965 ("a formulistic recitation of the elements of a claim will not do" to state a claim).

Because Plaintiff has alleged sufficient facts to support a § 1983 claim, the Court will address Defendants' argument that Plaintiff's claims are nonetheless barred by Arizona's statutes of limitations and notice of claims requirements. Defendants assert, and Plaintiff does not disagree, that Plaintiff's state law claims are subject to a one year statute of limitations under A.R.S. § 12-821 and his § 1983 claims are subject to Arizona's two year personal injury statute of limitations. Doc. 27 at 5-6. Plaintiff responds that the "continuing violation doctrine" applies, making his claims timely because he has alleged at least one unlawful act in 2010. Doc. 29 at 3-4. Plaintiff refers to Defendant Ragland's alleged fraudulent misrepresentations in October 2010 and a lien

placed on his vehicle in June 2010.  *Id.*[2]

Defendants argue on the basis of *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981), that these alleged unlawful acts are merely the "ill effects of the original violation," namely, the 2008 State Court ruling, and do not constitute continuing acts. Doc. 30 at 2 (internal quotation marks omitted).  But *Ward* dealt with a plaintiff's attempt to toll the statute of limitations on an employment discrimination claim throughout the sixteen-month period of his unemployment absent further discriminatory acts by his previous employer and found that no continuing violation applied.  650 F.2d at 1147.  It is not clear from Arizona law that the continuing violation doctrine would not apply here where Plaintiff has attempted to state a claim for continued unlawful enforcement actions on the part of State Defendants.  Furthermore, Arizona's notice of claim requirement applies only to a request for damages.  *See Home Builders Ass'n of Cent. Arizona v. Kard*, 219 Ariz. 374, 381 (Ariz. Ct. App. 2008).  It does not bar claims where, as here, Plaintiff has requested injunctive and declaratory relief.

**III.   Defendants' Motion for an Order Directing Plaintiff to Cease Contact.**

The Court will grant Defendants' motion for an order directing Plaintiff to cease all efforts to contact State Defendants' regarding this litigation and address all future communications to their legal counsel.  This order does not preclude Plaintiff from contacting State Defendants in their official capacities to the extent that such contact is necessary to resolve current or ongoing issues related to child support enforcement unrelated to this litigation.

**IT IS ORDERED:**

1. Defendants' motion to dismiss the compliant (Doc. 27) is **granted in part** and **denied in part** as set forth in this order.

2. Defendants' motion for an order directing Plaintiff to cease any attempts to

---

[2] The complaint only alleges that Plaintiff discovered a lien on his KIA in 2010. As noted above, it does not allege facts showing when and upon what basis the lien was attached.

1 | contact or communicate directly with State Defendants (Doc. 28) is **granted** as set forth
2 | in this order.
3 |       Dated this 2nd day of May, 2012.

*[signature]*

David G. Campbell
United States District Judge