**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Jay Gregory,<br><br>Plaintiff,<br><br>v.<br><br>Katherine Harris, Arizona Assistant Attorney General; and Veronica Ragland, Arizona Division of Child Support Enforcement Assistant Director,<br><br>Defendants. | No. CV-11-00372-PHX-DGC<br><br>**ORDER** |

Defendants Katherine Harris and Veronica Ragland (the "State Defendants") have filed a motion for summary judgment on Plaintiff Donald Jay Gregory's amended complaint. Doc. 45; *see* Doc. 11. The motion has been fully briefed. Docs. 49, 51. For the reasons stated below, the Court will grant the motion.[1]

**I.    Background.**

Plaintiff and his ex-wife Melanie Gregory divorced sometime in 1999 and obtained a final divorce decree from the Maricopa County Superior Court on July 23, 2001, at which time Plaintiff was ordered to pay a total of $633.70 per month in child support and arrears. Doc. 50 at 44. Thereafter, Melanie Gregory applied to the Arizona Division of Child Support Enforcement ("ADCSE") to enforce collection of these

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

payments. Doc. 11, ¶ 1. On May 8, 2003, Plaintiff obtained an order modifying support from the Maricopa County Superior Court. Doc. 50 at 16-19. The May 2003 court order reduced Plaintiff's monthly payment obligations for his children Victoria Lynn Gregory, age 19, Erika Christen Gregory, age 18, and Jennifer Nicole Gregory, age 16, to zero dollars on the grounds that the children were of age and living on their own, and Jennifer Gregory was engaged and living with her fiancé. *Id.* at 17. Plaintiff asserts that, despite this order, Melanie Gregory continued to seek child support payments and ADCSE continued to take enforcement actions, including tax off-sets, liens, passport denial, and wage assignments, on the basis of the 2001 court order. Doc. 11, ¶ 1.

Plaintiff filed an amended complaint on May 27, 2011, alleging, among other things, that the 2001 court order was no longer valid because it had not been committed to judgment within three years of the last child's emancipation as required by Arizona law, the 2001 order had nonetheless been superseded by the 2003 order, and ADCSE had failed to respond in the time required by law to Plaintiff's written request for an administrative review. Doc. 11. Plaintiff asserted six causes of action against Melanie Gregory and the State Defendants, including a claim for violation of his due process rights under 42 U.S.C. § 1983 stemming from the State Defendants' failure to ensure that ADCSE comply with Federal and State laws guaranteeing timely administrative reviews. Doc. 11, ¶ 1. The complaint requested injunctive relief ordering Defendants to close the case against Plaintiff, lift all levies, liens, and tax off-sets, and cure Plaintiff's credit profile. *Id.* at 8.

Defendant Gregory and the State Defendants filed separate motions to dismiss. Docs. 15, 27. The Court granted Defendant Gregory's motion, Doc. 16, and granted the State Defendants' motion on all but Plaintiff's due process claim. Doc. 32. The Court found that Plaintiff had stated a valid § 1983 claim against the State Defendants under the doctrine of *Ex Parte Young*, which permits suits against state officials acting in their official capacities where the claimant seeks only prospective relief. Doc. 32 at 3-4; *see Ex Parte Young*, 209 U.S. 123 (1908). The State Defendants now seek summary

1 judgment on this claim.

2 **II.     Summary Judgment Standard.**

3 A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

16 **III.    Discussion.**

17 The State Defendants argue that Plaintiff has failed to create a genuine issue of material fact that ADCSE deprived him of his rights to an administrative review.  Doc. 45 at 3-4.  Arizona law requires ADCSE to acknowledge receipt of a request for administrative review within ten business days and to provide a written determination within forty-five business days thereafter.  A.R.S. § 25-522.  State Defendants point to evidence that between September 20, 2007, and November 30, 2010, Plaintiff made a total of six written requests or protests to ADCSE that triggered administrative reviews, all of which were conducted well within the required 45 days, and that it conducted two additional reviews over the same period.  Doc. 45 at 3-4.

26 Plaintiff asserts that these reviews were not actual reviews, and that they did not involve a fact-finding process because, if they had, ADCSE would have discovered that the 2003 court order had modified his monthly child support obligations to zero and that

the Maricopa County Superior Court had ordered his wage assignments to stop. Doc. 50, ¶ 8; *see* Doc. 50 at 16-19, 26-27. The final determinations that the State Defendants put forth do not show that the division substantively addressed any of the arguments Plaintiff raised in written objections related to the continued efficacy of the 2001 court order and the effect of the 2003 modification of his child support obligation. *Compare* Doc. 46-1 at 2-41 *with* Doc. 46-1 at 43-55. Instead, the determinations consist of standardized forms on which the reviewers merely checked boxes affirming that ADCSE's enforcement actions against Plaintiff were warranted. *Id.* at 2-41. Even accepting, however, that this raises some doubt about the legitimacy of ADCSE's administrative review processes, Plaintiff bears the burden of showing that his rights were actually violated, and he points to no evidence documenting the extent of his past child support obligations and the sum of his past payments and income offsets to create a genuine issue of fact that ADCSE's findings on review were incorrect.

Additionally, contrary to Plaintiff's argument that ADCSE ignored the 2003 court order modifying his child support to zero, four of the eight final determinations either acknowledge that Plaintiff owes no current child support or reference the May 8, 2003 order, but nonetheless find the division's enforcement actions appropriate based on arrears. *See* Doc. 46-1 at 3, 18, 35, and 40. The first of these, dated October 2, 2007, is based on a court order dated January 19, 2000, which predates either the 2001 or 2003 orders. *Id.* at 3. Another determination, dated May 20, 2008, indicates that Plaintiff had as yet failed to satisfy a prior judgment of $6,916.32 entered against him on July 23, 2001 – an amount Plaintiff acknowledged to be based on arrears from December 1999 to June 2001. *Id.* at 47. Of the remaining determinations, the one dated April 2, 2009 specifies that Plaintiff owes arrears from what would appear to be the same July 23, 2001 order, *id.* at 23, and the others do not specify the court order upon which the division's assessments are based but simply check that Plaintiff owes arrears sufficient to trigger the questioned enforcement actions. *Id.* at 12, 29. Even if, as Plaintiff argues, the amounts in arrears contained in these final determinations stem, in part, from ADCSE finding that he was

1  required to make ongoing monthly child support payments after the 2003 modification
2  was entered, Plaintiff has not pointed to any evidence from which the Court or a jury
3  could make such a determination.  Moreover, even if the reviews contain errors or fail to
4  respond substantively to Plaintiff's written objections, this, in itself, does not show that
5  Plaintiff was deprived of due process.  Plaintiff does not deny that each of the
6  determinations informed him that if he disagreed with the division's conclusions he had a
7  right to seek judicial review within 35 days.  *See, generally*, Doc. 46-1 at 2-41.  Plaintiff
8  does not argue or present any evidence showing that anyone at ADCSE thwarted or
9  prevented him from pursuing this avenue of relief.

10  Plaintiff asserts that the State Defendants deprived him of due process because
11  ADCSE did not respond to or conduct an administrative review following the initial
12  written objection he claims to have submitted in 2004.  Docs. 11, ¶ 1; 50, ¶ 8.  Plaintiff
13  points to a copy of a handwritten letter he addressed to the Division of Child Support
14  Enforcement, dated May 18, 2004, in which he questioned a recent "Statement of
15  Account Summary."  Doc. 50 at 23-24.  The letter argues that the starting figure for
16  Plaintiff's account relates to attorney's fees assessed against him, not child support, that
17  all three of his daughters were by then married and no longer eligible for support, and
18  that he sought a support modification with Maricopa County Superior Court on
19  February 6, 2003.  *Id.*

20  The State Defendants argue that this letter is not supported by an affidavit and is
21  not admissible evidence; nor has Plaintiff provided an affidavit or any other evidence
22  showing that ADCSE or the State Defendants received or had knowledge of the letter but
23  failed to act on it.  Doc. 51 at 3.  The Court agrees that Plaintiff has presented insufficient
24  evidence to show that the State Defendants received or were aware of this letter and thus
25  deprived him of due process by failing to respond.  Even if the Court were to find that the
26  letter raises an issue of fact as to whether ADCSE failed to respond to Plaintiff's written
27  objections on one occasion, the disputed evidence must be "such that a reasonable jury
28  could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  This standard is not met where the undisputed evidence shows that Plaintiff made the same or similar objections in a number of later complaints, all of which triggered administrative reviews that included the ability to appeal.

Finally, and more fundamentally, even if the Court were to find that Plaintiff has presented sufficient evidence to show that ADCSE failed to provide adequate and timely reviews in support of its challenged enforcement actions, Plaintiff has not presented any evidence to support a claim against the State Defendants.  Plaintiff's due process claim against Defendant Harris is based on her alleged duty as Assistant Attorney General to ensure that ADCSE comply with the law, and the allegation that she failed to perform this duty because ADCSE had not granted Plaintiff an administrative review and had not properly reviewed its files.  Doc. 11, ¶ 1.  The Court found in its order denying dismissal of this claim that the State Defendants had not disputed Defendant Harris's alleged duties or her ability to grant prospective relief, and that Plaintiff's allegations, taken as true, were sufficient to state a § 1983 claim under *Ex Parte Young*.  Doc. 32 at 4-5.

Plaintiff has since produced no evidence to show that Defendant Harris had the duties alleged.  The State Defendants assert that, in her role as Assistant Attorney General, Defendant Harris acted as legal counsel for ADCSE in enforcement proceedings and was responsible for advising the division of its legal duties, but that she was not responsible for its day-to-day operations or for ensuring its compliance with the law. Doc. 51 at 2, n. 1.  Plaintiff has failed to point to any evidence that would create a genuine issue of fact as to whether Defendant Harris was responsible for or in any way involved in ADCSE's alleged failure to update its records and provide administrative reviews.

Plaintiff's due process claim against Defendant Ragland is similarly based on the allegation that, as Assistant Director of ADCSE, Ms. Ragland was responsible for the division's records, files, and administrative reviews and for ensuring that a review of all files takes place at least every three years.  Doc. 11, ¶ 1.  According to the State Defendants, Ms. Ragland was an Assistant Director of the Division of Economic Security

who was assigned oversight over ADCSE. Doc. 51 at 2, n. 1. As such, she was responsible for general policy and supervision of the division and its employees, but she was not involved in specific functions such as maintaining and updating ADCSE's files and records or conducting reviews. *Id.* Plaintiff has failed to present evidence that would create a genuine issue of fact on this issue.

Plaintiff bears the burden of establishing each element of his claims at trial, including that the State Defendants had some connection to the alleged violations. Plaintiff's failure to point to any evidence showing that the State Defendants were responsible for or in any way personally involved in the denial of proper reviews and record-keeping is fatal to his § 1983 claim.[2]

**IT IS ORDERED:**

1. State Defendants' motion for summary judgment (Doc. 45) is **granted**.

2. The Clerk of the Court is directed to **terminate** this action.

Dated this 27th day of June, 2013.

_____
David G. Campbell
United States District Judge

---

[2] The State Defendants have pointed to undisputed evidence that neither Defendant is currently employed by the State, and that they are therefore without authority to effect any changes in the status of Plaintiff's case. Doc. 46-1, ¶ 9. Plaintiff argues, without support, that even though the named Defendants are no longer state actors, the Court has authority to grant injunctive relief based on their past violations. Doc. 50, ¶ 21. Because the Court has determined that the State Defendants are entitled to summary judgment on the merits, the Court need not address this argument.